# SUPERIOR COURT

Eugene Schlesinger
vs. } No.54456
Joseph L. O'Rourke
RESCRIPT
January 23, 1925

TANNER, P. J. This case is heard upon the motion of the plaintiff to file fourth amended declaration.

This is an action of deceit and the plaintiff states, first, false representations made, not to the plaintiff but to a third party, a proposed purchaser of the property. Said false representation to said third party was that the property had been sold to someone else.

The only false representation which the plaintiff states as having been made to himself is that said third party, the proposed purchaser of the property, would not buy said premises.

The declaration fails to state formally that the plaintiff relied upon the false representation made to him. Furthermore, the only alleged action of the plaintiff upon said false representation is that he would have been entitled to demand and receive from the owner the commission for the sale. As we have heretofore said, it seems to us that the plaintiff would have been entitled to demand and receive from the owner the commission because upon his statement of the facts of the case he was the one who really did sell the property and was really entitled to the commission. If so, we fail to see how the plaintiff was legally damaged by the false representation of the defendant to himself. Plaintiff might have been put to the trouble of a suit against the owner, but if he could have proven the facts which he alleges in his declaration it is necessary for him to prove in this action, he could have proven them in an action against the owner and recovered his commission.

Plaintiff does aver that but for the said fraudulent representations and acts, the said Patrick Heffernan and wife would have purchased through him the said premises. The plaintiff here appears to be relying not only upon representations to himself but representations to a third party. But this is not merely an action for fraud; it is an action for deceit, and the plaintiff should state that because of the fraudulent representations to him he did something or refrained from doing something. For instance, that he refrained from going to the third party and trying to sell the premises. But, as already said, it seems to us that notwithstanding the false representations the plaintiff was the one who actually sold the premises and was entitled to the commission. The one who was actually damaged by the false representations was the owner, who was led to pay the commission to the defendant, who was not entitled to it.

For this reason the motion is denied.

It has been held in a number of well considered cases that a person who has a claim against another and who is induced by the false representations of the other or of a third person not to levy an attachment or take other steps to collect or secure the claim can not maintain an action for fraud.

2 Ed. American & English Ency. of Law, page 147 k and cases cited.

For Plaintiff: William A. Gunning.

For Defendant: John P. Beagan.